UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FEIGER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MARLENE SMITH, et al.,<br><br>　　　　　　Defendants. | 1:14-cv-01920 DAD-EPG (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 30) |

On August 15, 2016, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, the Court does not find the required exceptional circumstances. Plaintiff argues that he has sought counsel and is unable to afford counsel; that the issues in this case are very complex; that he has limited access to the law library; and that he has limited knowledge of the law. These factors do not make his case exceptional. While the Court has found that "Plaintiff's Complaint states cognizable claims against defendants Marlene Smith, Natalie Clark, and Antoneya Graves[, and] will allow Plaintiff's claims for violation of his First Amendment rights to exercise his religion, for retaliation, and for related state law claims to go forward," this finding is not a determination that Plaintiff is likely to succeed on the merits. (ECF No. 18 at 7:18-21.) Plaintiff's First Amendment and retaliation claims do not appear complex, and based on a review of the record in this case, it appears that Plaintiff can adequately articulate his claims. Thus, the Court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **August 23, 2016**          /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE