# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FEIGER,<br><br>        Plaintiff,<br><br>v.<br><br>MARLENE SMITH, et al.,<br><br>        Defendants. | CASE NO. 1:14-cv-01920-DAD-EPG (PC)<br><br>**ORDER REQUIRING INITIAL DISCLOSURES AND SETTING AN INITIAL SCHEDULING CONFERENCE**<br><br>Date:    January 30th, 2017<br><br>Time:   2:00 pm<br><br>Courtroom 10 (Sixth Floor)<br><br>30-DAY DEADLINE FOR INITIAL DISCLOSURES |

The Court has screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and ordered the case to proceed. This document orders exchange of initial disclosures by all parties within 30 days of the date of service of this order.[1]

Following that exchange, on the date listed above, the Court will hold a mandatory scheduling conference among all parties. The Court will issue a full scheduling order following the scheduling conference, setting out additional dates.

**I.      INITIAL DISCLOSURES**

Notwithstanding Federal Rules of Civil Procedure 26(a)(1)(B), the Court finds that initial disclosures would be helpful in managing this action under Federal Rule of Civil Procedure 16, taking into account the extent of prisoner litigation in this district, the desire to manage those

---

[1] The Court notes that there is a pending motion to dismiss. (ECF No. 21). That motion concerns certain state law claims and does not move to dismiss the section 1983 cause of action. Thus, regardless of the outcome, this case will proceed. It appears to this Court that there is substantial factual overlap between federal and state claims. Nevertheless, to the extent information or documents only pertains to the challenged state law claims, such information and documents are not subject to initial disclosures order below.

1

cases efficiently, the desire to secure the just, speedy, and inexpensive determination of this case, the importance of the issues at stake, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving issues, and the value of initial disclosure of information obtained through the administrative grievance process.[2]  Accordingly, all parties are hereby ordered to provide initial disclosures with the following information within 30 days of this order:[3]

    (i)    The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

          a.  The Parties may withhold confidential sensitive information regarding the identity or contact information of such individuals so long as they provide a method of identifying and contacting such individuals, such as through counsel.

    (ii)   A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

          a.  In determining the scope of such documents, parties should keep in mind California Government Code § 3306.5 ("Each employer shall keep each public safety officer's personnel file or a true and correct copy thereof, and shall make the file or copy thereof available within a reasonable period of time after a request therefor by the officer.") and that, in the context of Rule 26, "[c]ontrol is defined as the legal right to obtain documents upon demand." *United States*

---

[2] Rule 26, Advisory Committee Note, 2000 Amendments ("[T]he court can order exchange of similar information in managing the action under Rule 16.").  Also note Rule 26, Advisory Committee Note, 1993 Amendment "The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request."

[3] As noted above, the parties do not have to provide initial disclosures to the extent the disclosures relate solely to claims subject to the motion to dismiss.

*v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989).

    b. To the extent Defendant(s) intend to rely on an affirmative defense based on a failure to exhaust administrative remedies, Defendant(s) shall provide to Plaintiff all documents Defendants intend to use to support that defense.

## II. SCHEDULING CONFERENCE

An Initial Scheduling Conference will be held on **January 30th, 2017, at 2:00 p.m.** Parties have leave to appear by phone. To join the conference, each party is directed to call the toll-free telephone number **(888) 251-2909** and use **Access Code 1024453**. Any party that is not incarcerated is welcome to appear in person, but personal appearance is not required. The parties should be available for two hours, although the conference will likely take less time.

The parties shall be prepared to informally discuss the following issues:

    i. A brief statement of the parties' claims and/or defenses;
    ii. Confirmation that initial disclosures (described above) have been provided, and any justification for withholding any portion of that information;
    iii. The location of potentially relevant documents;
    iv. Any deficiency or problems in the other party's initial disclosures;
    v. Discovery each party intends to take, if any, in addition to the discovery ordered above;
    vi. Whether any party intends to challenge the issue of exhaustion;
    vii. Whether any party intends to use expert witnesses;
    viii. Whether each party would consent to magistrate judge jurisdiction;
    ix. Whether each party believes that a settlement conference would be beneficial, and if so, the timing for such a conference; and
    x. Any immediate or ongoing issues or requests for injunctive relief regarding current incarceration that could require the Court's immediate attention.

## III. CONFERENCE STATEMENTS

At least one week in advance of the Initial Scheduling Conference, each party shall file a

scheduling conference statement.  The scheduling conference statement shall address the issues listed above, as well as any other issues that the parties believe would assist in the scheduling of the case.  The statement should include the date that initial disclosures were served and any deficiencies in either party's disclosures.

**IV.     SCHEDULING ORDER**

Following the Initial Scheduling Conference, the Court will issue a Scheduling Order with the benefit of the input of the parties.

Once issued, the dates in the Scheduling Order shall be firm and no extension shall be given without permission from the Court based on good cause shown.

IT IS SO ORDERED.

Dated:   **November 15, 2016**                    /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE