UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT FEIGER,

    Plaintiff,

    v.

MARLENE SMITH, et al.,

    Defendants.

Case No. 1:14-cv-01920-DAD-EPG (PC)

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART

OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS

### I.    BACKGROUND

Robert Feiger ("Plaintiff"), is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983 and California Civil Code § 52 and 52.1. Plaintiff also asserts a claim for intentional infliction of emotional distress for alleged problems with the Jewish Kosher Diet Program and religious services at California State Prison-Corcoran, as well as a claim for declaratory relief under California Code of Civil Procedure § 1060. The § 1983 claims include violation of Plaintiff's First Amendment rights to exercise his religion, and retaliation in violation of the First Amendment.

This action was initiated by civil complaint filed by Plaintiff in the Kings County Superior Court on August 25, 2014 (Case #14-C0243). On December 1, 2014, Defendants Clark, Graves, and Robicheaux-Smith (collectively "Defendants") removed the case to federal court (ECF No. 1) and requested the Court to screen the complaint under 28 U.S.C. § 1915A. (EFC No. 7). On December 12, 2014, the Court granted Defendants' request for the Court to screen the complaint. (EFC No. 8). The Court found in its screening order that Plaintiff stated a claim for violation of his First Amendment right to free exercise of religion and for retaliation in violation of the First

Amendment. (EFC No. 18). The Court also determined that it had supplemental jurisdiction over Plaintiff's state law claims. (Id.). However, the Court stated that it did not make a determination about the validity of Plaintiff's state law claims. (Id.).

Defendants' motion to dismiss certain state law claims (ECF No. 21) is now before the Court.

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is a state prisoner incarcerated at California State Prison-Corcoran ("COR"). Plaintiff names as defendants Marlene Smith[1] (Community Resource Manager), Natalie Clark (Community Resource Manager), and Antoneya Graves (Correctional Food Manager). All Defendants were employees or contract employees of the CDCR at the time of the events at issue. Plaintiff's factual allegations follow.

Plaintiff practices the Jewish religion and participates in the CDCR's Jewish Kosher Diet Program (JKDP). He alleges that Defendants are in charge of operating that program at COR. Plaintiff alleges that COR failed to provide kosher meals and Jewish services on many occasions during his incarceration. Those failures include: failing to use kosher microwaves that were dedicated to meat-only or dairy-only; failing to create a roster of attendance for weekly in-chapel communal religious services when no Jewish chaplain was on staff; failing to provide proof of kosher meal entitlement to Plaintiff for eighteen months; obstructing Plaintiff from participating in in-chapel communal services; failing to maintain frozen food items needed to preserve kosher meals and prevent rotting and spoiling; failing to provide uncooked meals and unchopped vegetables on the Sabbath; prohibiting religious head covering; failing to hold Saturday Sabbath services; and failing to order sufficient Passover meals for Jewish prisoners transferring to the prison. Plaintiff claims that Rabbi Y. Carron previously complained about "Grievous Kosher Concerns" to the prison but the problems went unremedied.

Plaintiff alleges that he suffered from physical and emotional distress from his inability to properly practice his faith. He claims that he experiences episodes of anger, fear, anxiety, anguish, moral trepidation, depression, and self-loathing as well as physical symptoms including

---

[1] Defendants refer to this defendant with last name Robicheaux-Smith. (ECF No. 21-1, p. 1.)

sleeplessness stemming from nightmares. Plaintiff also alleges various attempts by Defendants to cover-up these deficiencies, thwart appeals, and backdate procedures to feign compliance.

Plaintiff asserts four causes of action. First, he asserts a claim under 42 U.S.C. § 1983 for deprivation of right of religious exercise in violation of the First Amendment to the U.S. Constitution. Second, he asserts a state law claim for interference with civil rights under California Civil Code §§ 52 and 52.1. Third, he asserts a state law claim for intentional infliction of emotional distress. Fourth, he asserts a claim for declaratory relief under C.C.P. § 1060

### III.    DEFENDANTS' MOTION TO DISMISS

Defendants move to dismiss Plaintiff's state law claims under California Civil Code §§ 51, 52, and 52.1 because Defendants are not a business establishment, and because Defendants did not use threats, intimidation, or coercion. (ECF No. 21-1, p. 2). Additionally, Defendants assert that they are immune from all of Plaintiff's state claims under California Government Code § 845.2, to the extent those claims are premised on the failure to provide equipment, facilities, and personnel for the Jewish Kosher Diet and religious services. (Id.).

**A. Legal Standard**

A motion to dismiss for failure to state a claim is properly granted where the complaint lacks "a cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988)). While accepting factual allegations in the complaint as true, the Court is not required to accept legal conclusions as true, and the factual allegations must state a plausible claim for relief. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067–68 (9th Cir. 2011).

In considering a motion to dismiss for failure to state a claim, the Court generally considers only the contents of the complaint and accepts as true the facts alleged in the complaint. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Shaver v. Operating Engineers Local 428 Pension Trust Fund*, 332 F.3d 1198, 1201, 1203 (9th Cir. 2002). Additionally, the Court construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Pro se

pleadings are held to a less stringent standard than those drafted by attorneys. *Id.*

**B. Discussion**

**1. California Civil Code § 51[2]**

California Civil Code § 51, commonly known as the Unruh Civil Rights Act, states "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

Defendants assert that they are not business entities, but are instead employees of state operated prisons. Plaintiff asserts that the California Department of Corrections and Rehabilitation ("CDCR") is a business entity. Plaintiff further asserts that as Defendants are employees of the CDCR, Defendants are employees of a business entity and act under the direction of a business entity.

Defendants are correct that they are individuals--not business establishments. Defendants' motion to dismiss on this basis should therefore be granted.

Although Plaintiff raises the possibility that the CDCR could qualify as a business establishment under this section, the CDCR is not currently a party to this action and Plaintiff has not moved to amend his complaint.

Although the question is not before the Court, it is worth noting that amendment to add the CDCR to assert a § 51 claim in this Court would face substantial hurdles. First of all, the CDCR is immune from suits for monetary damages in federal court under the Eleventh Amendment. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty., 343 F.3d 1036, 1040 (9th Cir. 2003). Additionally, the § 51 claim is a state claim not ordinarily subject to federal court

---

[2] The Court notes that it does not appear that Plaintiff has asserted a claim under California Civil Code § 51 in his complaint. (ECF Nos. 1 & 18). However, Defendants have moved to dismiss Plaintiff's claim under § 51, and Plaintiff has replied arguing it should go forward. Additionally, section 51 is related to other claims that Plaintiff asserted. So, the Court will address the validation of a claim under section 51.

jurisdiction. While the Court may choose to exercise jurisdiction over state law claims under supplemental jurisdiction,[3] the Court may decline to do so here because there are no federal claims against the CDCR pending in this lawsuit. Finally, other courts have held that prisons are not considered business establishments for purposes of section 51. Taormina v. California Dep't of Corr., 946 F. Supp. 829, 834 (S.D. Cal. 1996), aff'd and remanded sub nom. Taormina v. Corr. Dep't, State of Cal., 132 F.3d 40 (9th Cir. 1997); Wilkins-Jones v. Cty. of Alameda, 859 F. Supp. 2d 1039, 1049 (N.D. Cal. 2012). While private businesses acting within a prison can be considered a business establishment (Wilkins-Jones, 859 F. Supp. 2d at 1049–50), there have been no allegations that Defendants are a private business entity acting within the prison.

### 2. California Civil Code § 52

California Civil Code § 52 is not an independent cause of action. Instead, it provides remedies for violations of California Civil Code section 51, 51.5, 51.6, 51.7, and 51.9. Cal. Civ. Code § 52; Los Angeles Cty. Metro. Transp. Auth. v. Superior Court, 123 Cal. App. 4th 261, 269 (2004); Archibald v. Cinerama Hawaiian Hotels, Inc., 73 Cal. App. 3d 152, 159 (1977), disapproved on other grounds in Koire v. Metro Car Wash 40 Cal.3d 24 (1985). For the reasons stated above, a § 51 claim is not viable. Accordingly, the Court finds that Defendants' motion to dismiss Plaintiff's cause of action under section 52 should be granted.

### 3. California Civil Code § 52.1

Plaintiff's claim under California Code § 52.1 is based on the allegation that Defendants retaliated against Plaintiff for exercising his right to utilize the appeals process regarding Defendants' conduct. Defendants moves to dismiss this claim on the ground that Plaintiff's complaint fails to allege threat, coercion, or intimidation, as required for a section 52.1 claim. (ECF No. 21-1, p. 7). Specifically, Defendants assert that their alleged failure to respond to

---

[3] Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," with specific exceptions. "Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.'" Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (quoting Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir.1991)). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

grievances and requests does not amount to a threat, intimidation, or coercion under § 52.1 and that asking an inmate to withdraw an appeal is not something that a reasonable person would believe was a threat of violence. (Id.).

In Plaintiff's opposition, Plaintiff argues that "[c]learly in the filed complaint, plaintiff has stated a case under[] [§ 52.1]." (ECF No. 25, p. 7). Plaintiff alleges that Defendant Smith had the authority to grant his appeal in full and cure all ongoing violations. Plaintiff further alleges that on October 25, 2013, Defendant Smith used this authority to coerce Plaintiff to withdraw his appeal. Specifically, through inmate Hauser,[4] Defendant Smith threatened that she would deliberately not cure the violations unless Plaintiff withdrew his appeal or until court action. (ECF No. 1-1, pgs. 18-19). Plaintiff alleges that Defendant Graves, upon replacing Defendant Smith, attempted the same coercion through inmate Hauser on January 28, 2014. (Id. at p. 19). Plaintiff also alleges that Defendant Clark, who had the authority to cure the microwave service violation, attempted a similar coercion through inmate Hauser on February 28, 2014. (Id. at p. 20).

Plaintiff further alleges that after the aforementioned coercions, Defendants continued to interfere with his rights. Specifically, Plaintiff alleges that Defendant Clark refused to properly prepare kosher foods on at least 15 occasions between February 28, 2014 and March 15, 2014; Defendant Smith continued to violate Plaintiff's right to attend weekly in-chapel religious services (16 violations), receive SPOs (1 violation),[5] and obtain kosher meals (44 violations) from October 25, 2013 and December 16, 2013; and Defendant Graves continued to violate Plaintiff's right to attend weekly in-chapel religious services (26 violations), receive SPOs (2 violations), and obtain kosher meals (32 violations) from January 28, 2014 and May 16, 2014. (ECF No. 1, pgs. 21-22). In Plaintiff's reply to Defendants' reply to Plaintiff's opposition to Defendants' motion to dismiss,[6] Plaintiff states "Plaintiff has stated that he was coerced by the defendants and

---

[4] Inmate Hauser was the primary appellant for two group appeals Plaintiff participated in. (ECF No. 1-1, p. 20). Hauser allegedly provided Plaintiff with a declaration under penalty of perjury attesting to the dealings with Smith. (Id. at p. 19).
[5] The Court infers from Plaintiff's complaint that SPO refers to Special Purchase Order.
[6] Plaintiff was not given leave to file a surreply, but in light of the fact that there was no objection, the Court will consider it.

6

this will be clearly explained and supported by witnesses." (ECF No. 31, p. 3).

### i. Legal Standard

California Civil Code § 52.1, commonly known as the Bane Act, provides a cause of action for "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with," (Cal. Civ. Code § 52.1(b)) "*by threat, intimidation, or coercion*" (Cal. Civ. Code § 52.1(a)) (emphasis added).

Also according to the statutory language, "[s]peech alone is not sufficient to support an action brought pursuant to [the Bane Act], except upon a showing that the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat." Cal. Civ. Code § 52.1(j). A court in this jurisdiction has held that "[i]n evaluating the threatening or coercive conduct, the Court must consider whether a reasonable person, standing in the shoes of the plaintiff, would have been intimidated by the actions of the defendants and have perceived a threat of violence." Muhammad v. Garrett, 66 F. Supp. 3d 1287, 1296 (E.D. Cal. 2014) (internal quotations omitted).[7]

### ii. Analysis

The Court agrees with Defendants that Plaintiff has failed to allege threat, intimidation, or coercion under the Bane Act, because none of Plaintiff's allegations involve violence or the threat of violence. Further, when responding to this motion to dismiss, Plaintiff once again did not allege violence or the threat of violence.

Because Plaintiff did not allege violence or the threat of violence, the Court finds that Plaintiff has failed stated a claim under § 52.1. See, e.g., Gottschalk, 964 F. Supp. at 1164

---

[7] The Court takes note that one unpublished case from the Ninth Circuit Court of Appeals seems to suggest that violence or the threat of violence is not required. Moreno v. Town of Los Gatos, 267 F. App'x 665, 666 (9th Cir. 2008). However, Moreno is an unpublished case and is not precedential. Further, Moreno seems to be dealing with the issue of whether there needs to be a separate threat of violence, in addition to the constitutional violation. Finally, after Moreno was decided, district courts in the Ninth Circuit have held that violence or the threat of violence is still required. Muhammad v. Garrett, 66 F. Supp. at 1296; Gottschalk v. City & Cty. of San Francisco, 964 F. Supp. 2d 1147, 1163 (N.D. Cal. 2013); Richardson v. City of Antioch, 722 F. Supp. 2d 1133, 1147 (N.D. Cal. 2010).

(economic coercion and character assassination do not constitute violence or threats of violence within the meaning of § 52.1); Brook v. Carey, 352 F. App'x 184, 185 (9th Cir. 2009) (failure to timely respond to a prisoner's requests, grievances, and appeals does not constitute threats, intimidation, or coercion within the meaning of § 52.1). Therefore, the Court finds that Plaintiff's claim under § 52.1 should be dismissed.

### 4. Immunity Under California Government Code § 845.2

Defendants assert they are immune from all of Plaintiff's state law claims under Cal. Gov. Code § 845.2, including his claim for intentional infliction of emotional distress, because the claims are premised on the failure of Defendants to provide sufficient equipment, personnel, and facilities. (ECF No. 21-1, pgs. 11-12). Plaintiff does not address Defendants' immunity argument in either his opposition to Defendant's motion to dismiss or in his surreply.

### i. *Legal Standard*

California Government Code § 845.2 states "[e]xcept as provided in Chapter 2 (commencing with Section 830), neither a public entity nor a public employee is liable for failure to provide a prison, jail or penal or correctional facility or, if such facility is provided, for failure to provide sufficient equipment, personnel or facilities therein." The California Supreme Court explained that Government Code § 845.2 "was designed to prevent political decisions of policy-making officials of government from being second-guessed by judges and juries in personal injury litigation. [Citation.] In other words, essentially budgetary decisions of these officials were not to be subject to judicial review in tort litigation." *Zelig v. Cty. of Los Angeles*, 27 Cal. 4th 1112, 1142 (2002) (citing *Mann v. State of California*, 70 Cal. App. 3d 773, 778-79) (alteration in original).

Courts have applied § 845.2 to bar claims for faulty equipment, insufficient equipment and staff, and denying prisoners access to existing programs in light of budget or policy deficiencies. *Taylor v. Buff*, 172 Cal. App. 3d 384, 387 (Ct. App. 1985) (applying § 845.2 to bar claims for nonfunctioning locking system on cell doors when funds were insufficient to make necessary repairs); *Estate of Abdollahi v. County of Sacramento*, 405 F.Supp.2d 1194 (E.D.Cal.2005) (applying § 845.2 to bar claims for failure to provide personnel to perform safety

checks when jail was understaffed and policies were inadequate); *Ashker v. Schwarzenegger,* No. 05–3286, 2009 WL 801557, at * 1, 24 (N.D.Cal. Mar.25, 2009) (applying § 845.2 to bar claims for failing to provide access to programs that were available to inmates housed in a different area because of higher security risk presented by inmates placed in Security Housing Unit).

    ii.    *Analysis*

Section 845.2 only allows immunity from Plaintiff's claims that involve insufficient equipment or supplies due to budgetary issues or policy decisions. However, there are no allegations in Plaintiff's complaint that Plaintiff was denied Kosher meals and religious services because of budgetary issues or for policy reasons. As such, the Court finds that § 845.2 does not apply at this stage in the case. Defendants may be able to raise this defense based on evidence to come, but a finding that Defendants are immune based on the face of the complaint is unwarranted.

**IV.    CONCLUSION AND RECOMMENDATIONS**

The Court finds that Plaintiff's claims under California Civil Code §§ 51, 52, and 52.1 should be dismissed.

With respect to Defendants' motion to dismiss all of Plaintiff's state law claims based on immunity under California Government Code § 845.2, the Court finds that Defendants are not entitled to immunity at this stage in the proceedings.

Therefore, Defendants' motion to dismiss should be granted in part and denied in part.

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1) Defendant's motion to dismiss be granted in part and denied in part;
2) To the extent that Plaintiff asserted a cause of action under California Civil Code § 51, Defendants' motion to dismiss be GRANTED as to Plaintiff's cause of action under California Civil Code § 51;
3) Defendants' motion to dismiss be GRANTED as to Plaintiff's cause of action under California Civil Code § 52;
4) Defendants' motion to dismiss be GRANTED as to Plaintiff's cause of action under California Civil Code § 52.1; and

5) Defendants are not entitled to immunity under California Government Code § 845.2 at this stage in the case.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **thirty (30) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 16, 2016**              /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE