UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FEIGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARLENE SMITH, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01920-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONDUCT DISCOVERY<br>(ECF NO. 39)<br><br>ORDER DENYING IN PART PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME<br>(ECF No. 40) |

Robert Feiger ("Plaintiff") is a state prisoner proceeding *pro se* in this action. On December 14, 2016, Plaintiff filed a motion to conduct discovery (ECF No. 39) and a motion for a 90-day extension of time to respond to the findings and recommendations that the Court issued on November 17, 2016, and to exchange initial disclosures (ECF No. 40).

Plaintiff's motion to conduct discovery argues that he requires discovery in order to demonstrate why certain of his claims, which the Court recently recommended be dismissed, are valid claims. Plaintiff seeks discovery in order to provide objections to the Court's pending findings and recommendations.

The Court will deny Plaintiff's motion to conduct discovery for the purpose of objecting to the pending Findings and Recommendations. As the Court explained in its findings and recommendations (ECF No. 38), in considering a motion to dismiss for failure to state a claim, the Court generally considers only the contents of the complaint and accepts as true the facts

1

alleged in the complaint. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Shaver v. Operating Engineers Local 428 Pension Trust Fund, 332 F.3d 1198, 1201, 1203 (9th Cir. 2002). Thus, the Court's Findings and Recommendations regarding the motion to dismiss were based on legal arguments assuming the facts in the complaint were true. Moreover, it is improper to allow discovery without a valid cause of action. Plaintiffs are not entitled to seek discovery using the legal process without first presenting a valid claim under the law.

For the same reason, the Court will deny Plaintiff's request for a 90-day extension of time to file objections to Findings and Recommendations. (ECF No. 40). Plaintiff already fully briefed the issues in the motion to dismiss, and Findings and Recommendations should be confined to arguments that this Court erred in its decision based on that briefing. Moreover, as described above, it is improper to take discovery until a court has found Plaintiff states a valid cause of action.

Plaintiff's motion (ECF No. 40) also asks for a 90-day extension to respond to the Court's initial disclosures order. Note that this Court extended this deadline by 30 days in a separate order, so that initial disclosures are now due January 17, 2017. (ECF No. 42). Plaintiff should provide the best responses he has by that time and can explain in that document that he does not have documents or other information at this time. But it is important to move this case forward with whatever information is available now.

Plaintiff also requests in the context of his motion to be able to discuss this case with other plaintiffs confidentially, and to receive legal documents from his family confidentially. The Court can discuss these issues in the context of the ongoing case at the Initial Scheduling Conference, which has been rescheduled to March 6, 2017, at 2:00 p.m.

Based on the foregoing, it is ORDERED that Plaintiff's motion and request to conduct discovery (ECF Nos. 39 & 40) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's requests for a stay and for a 90-day extension of time to respond to the findings and recommendations and to exchange initial disclosures (ECF No. 40) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's requests to receive mail from other plaintiffs

confidentially and legal files from his family confidentially will be heard at the Initial Scheduling Conference on March 6, 2017, at 2:00 p.m.

IT IS SO ORDERED.

Dated:   **December 16, 2016**                    /s/ Erica P. Grosjean
                                                             UNITED STATES MAGISTRATE JUDGE

3