UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FEIGER,<br><br>Plaintiff,<br><br>v.<br><br>MARLENE SMITH, et al.,<br><br>Defendants. | No. 1:14-cv-01920-DAD-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING MOTION TO DISMISS IN PART, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE<br><br>(Doc. Nos. 21, 38) |

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983 and state law. This action was originally filed in Kings County Superior Court and removed here on December 1, 2014. (Doc. No. 1.) The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 28, 2016, defendants filed a motion to dismiss, arguing that with respect to his various state law causes of action plaintiff had failed to state a cognizable claim and that they were immune from liability with respect to the alleged state law violations. (Doc. No. 21.) On November 17, 2016, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion to dismiss be granted in part and denied in part. (Doc. No. 38.) The parties were advised any objections to the findings and recommendations were to be filed within thirty days, and any replies to objections were to be filed within ten days

1

1   thereafter.  Plaintiff filed his objections to the findings and recommendations on December 30,
2   2016.  (Doc. No. 46.)  Defendants did not object to the findings and recommendations or file a
3   reply to plaintiff's objection, and the time in which to do so has now passed.
4       In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the
5   undersigned has conducted a *de novo* review of this case.  Having carefully reviewed the entire
6   file, the undersigned finds the findings and recommendations to be supported by the record and
7   proper analysis, save and except as discussed below.
8       The magistrate judge concluded that plaintiff could not state a claim under the Bane Act,
9   California Civil Code § 52.1, because none of plaintiff's allegations involve violence or the threat
10  of violence.  (Doc. No. 38 at 7–8.)  The undersigned disagrees.  An allegation of either violence
11  or the threat of violence is only necessary if the alleged violations of the Bane Act are based
12  entirely on speech.  *See Hearns v. Gonzales*, No. 1:14-cv-01177-DAD-MJS, 2016 WL 110437, at
13  *1–2 (E.D. Cal. Jan. 11, 2016) ("[T]here is no requirement under California law to allege an act
14  of violence has occurred or was threatened in order to state a claim under § 52.1, but rather only
15  that the exercise of rights protected either by federal law or California law was 'interfered with'
16  by 'threat, intimidation, or coercion.'"); *see also Venegas v. County of Los Angeles*, 32 Cal. 4th
17  820, 827-28 (2004) (permitting claims under § 52.1 based on allegedly unlawful searches and
18  seizures by several law enforcement officers, despite the fact that there were no allegations of
19  violence or threats of violence against the two plaintiffs); *Moreno v. Town of Los Gatos*, 267 Fed.
20  App. 665, 666 (9th Cir 2008) ("[S]ection 52.1 does not require violence or threat of violence.")
21  Otherwise, a plaintiff must allege only two things under California law: 1) "intentional
22  interference or attempted interference with a state or federal constitutional or legal right," and; 2)
23  that "the interference or attempted interference was by threats, intimidation or coercion."  *Allen v.*
24  *City of Sacramento*, 234 Cal App. 4th 41, 67 (2015) (citing *Jones v. Kmart Corp.*, 17 Cal 4th 329,
25  334 (1998)).
26      Here, in screening the complaint, the magistrate judge concluded plaintiff had stated both
27  a free exercise and a retaliation claim under the First Amendment.  (Doc. No. 18.)  Specifically,
28  the magistrate judge found plaintiff had alleged the defendants had threatened to purposefully

continue withholding kosher food and prohibiting his participation in religious services if plaintiff did not cease exercising his First Amendment rights, and then subsequently did prevent plaintiff from exercising his religious rights.  (Doc. No. 18 at 6 ) (emphasis added).  As alleged by plaintiff in his complaint, these actions constitute threats and coercion, as alleged, and are sufficient to state a Bane Act claim.

Given this, the undersigned declines to adopt the findings and recommendations only on this point.  Therefore, defendants' motion to dismiss plaintiff's Bane Act claim will be denied.  The undersigned finds none of plaintiff's objections to the remaining aspects of the magistrate judge's findings and recommendations to be persuasive.  Therefore, in all other respects the findings and recommendations are adopted.

Accordingly:

1. The court adopts the findings and recommendations issued by the magistrate judge on November 17, 2016 (Doc. No. 38) save and except as indicated above;

2. Defendants' motion to dismiss, filed April 28, 2016 (Doc. No. 21), is granted in part and denied in part;

3. To the extent plaintiff has asserted a cause of action under California Civil Code § 51, defendants' motion to dismiss is granted as to that cause of action;

4. Defendants' motion to dismiss is granted as to plaintiff's cause of action brought under California Civil Code § 52;

5. Defendants' motion to dismiss is denied as to plaintiff's cause of action under California's Bane Act, California Civil Code § 52.1;

6. Defendants motion to dismiss on the ground that they are entitled to immunity under California Government Code § 845.2 is denied without prejudice; and

7. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **January 31, 2017**                   _____
UNITED STATES DISTRICT JUDGE

3