# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FEIGER,<br><br>    Plaintiff,<br><br>v.<br><br>MARLENE SMITH, et al.,<br><br>    Defendants. | Case No. 1:14-cv-01920-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONDUCT DISCOVERY, REQUEST FOR COURT ISSUED SUBPOENAS, AND MOTION FOR RECONSIDERATION OF DENIAL OF PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(ECF NO. 68) |

    Robert Feiger ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983, which includes state law claims. On March 16, 2017, Plaintiff filed a motion to conduct discovery, request for Court issued subpoenas, and motion for reconsideration of the Court's denial of Plaintiff's motion to appoint counsel. (ECF No. 68).

    All of Plaintiff's requests will be denied. As to Plaintiff's request to conduct discovery, the parties have already been granted leave to conduct discovery. (ECF No. 65, p. 2).

    As to Plaintiff's request for Court issued subpoenas, Plaintiff has failed to comply with the requirements for issuance of the subpoenas. As the Court has informed Plaintiff, "[i]n any request for a subpoena, Plaintiff must: (1) identify with specificity the documents sought and from whom, and (2) make a showing in the request that the records are only obtainable through that third party. The documents requested must also fall within the scope of discovery allowed in this action. See Fed. R. Civ. P. 26(b)(1)." (Id. at p. 4). Plaintiff has failed to identify *with*

*specificity* the documents he wishes to subpoena[1] and failed to make a showing that those records are *only* obtainable through a third party.

As to Plaintiff's request for the Court to reconsider its denial of Plaintiff's motion to appoint counsel, this request will be denied because Plaintiff already has a pending motion for appointment of pro bono counsel that is before the Court for consideration (ECF No. 51). Note, however, that "Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989)." (ECF No. 32).

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to conduct discovery, request for Court issued subpoenas, and motion for reconsideration of the Court's denial of Plaintiff's motion to appoint counsel are DENIED.

IT IS SO ORDERED.

Dated:  **March 20, 2017**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff does identify records that he is seeking through discovery, but he does not identify which of those records he needs subpoenas to get.