# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FEIGER,<br><br>  Plaintiff,<br><br>  v.<br><br>MARLENE SMITH, et al.,<br><br>  Defendants. | 1:14-cv-01920-DAD-EPG (PC)<br><br>ORDER ON ATTORNEY GENERAL'S OFFICE'S REQUEST FOR CLARIFICATION OF ORDER AFTER INITIAL SCHEDULING CONFERENCE<br>(ECF NO. 71) |

     On March 10, 2017, the Court issued an order requiring the Attorney General's Office to send "**all of the documents it has received that are related to this case to Kathleen Williams.**" (ECF No. 66, pgs. 1-2) (emphasis added). On March 14, 2017, the Attorney General's Office filed a notice of compliance with this order. (ECF No. 67). Approximately two weeks later, the Attorney General's Office filed this request, seeking clarification concerning its obligation to produce documents beyond Plaintiff's non-confidential Central File in this action. (ECF No. 71). The Attorney General's Office stated that it has possession of Plaintiff's medical files in addition to Plaintiff's c-file.

     For the sake of clarification, the Court reiterates that the Attorney General's Office is required to send to Kathleen Williams *all* documents it has received that are related to this case. This would include medical files. To the extent that the Court previously suggested that the Attorney General's Office should disclose Plaintiff's c-file only, that instruction was based on the understanding, from representatives of the Attorney General's office, that the c-file comprises the only documents the Attorney General had obtained regarding the case. The Court did not intend to permit the Attorney General's Office to withhold relevant documents.

The Court knows of no legal basis for an initial counsel to obtain relevant documents and then withhold them from subsequent counsel, and relatedly from discovery on defendants.[1]

Thus, all documents, including the c-file, medical file, or any other documents obtained by the Attorney General's office in this case when it was acting as counsel for defendants shall be treated as described under the Court's order (ECF No. 66).

IT IS SO ORDERED.

Dated:   **March 31, 2017**               /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] See, e.g., California Rule of Professional Conduct 3-700(d)(1) ("A member whose employment has terminated shall: [] Subject to any protective order or non-disclosure agreement, promptly release to the client, at the request of the client, all the client papers and property. 'Client papers and property' includes correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert's reports, and other items reasonably necessary to the client's representation, whether the client has paid for them or not.").